UNITED STATES DISTRCT COURT
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:25-cr-00205-MTS-RHH |
| SURAS ROSTAS, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney, and Justin M. Ladendorf, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Suras Rostas detained pending trial, and requests that a detention hearing be held within three days of Rostas's initial appearance, pursuant to 18 U.S.C. § 3142(f)(2).

**INTRODUCTION**

Defendant Suras Rostas is charged with two counts of wire fraud based on his execution of a "confidence" scheme, as part of which he used a "sleight-of-hand" trick to defraud Walmart of significant sums of money and property. As detailed below, Rostas—a Romanian national who is in the country illegally—has repeatedly carried out his fraud scheme across the United States, has a substantial amount of evidence against him, has previously used counterfeit identification documents and aliases, and has no known ties to any community. He presents a serious risk of flight and should be detained pending trial because there is no condition or combination of conditions that will reasonably assure his future appearance as required.

## ARGUMENT

**A.     Standard.**

When considering the issue of detention in a fraud case like this one, the Court must first decide whether the case involves a serious risk of flight. 18 U.S.C. § 3142(f)(2)(A); *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) ("[T]he government has the burden to show that the case 'involves' one of the circumstances defined in §3142(f)(1) or (2)."). If it does, then, just as in any other case, the Court must determine "whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community" by considering, among other things, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

While these two inquiries are "not identical," they "substantially overlap," so "many of the same considerations apply." *Cook*, 87 F.4th at 924–25. A finding of serious risk of flight and risk of nonappearance need only be supported by a preponderance of the evidence, and a finding of dangerousness must be supported by clear and convincing evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991).

**B.     Rostas is a serious risk of flight and nonappearance.**

For at least the past two years, all while he was on release pending removal proceedings, Rostas has continuously carried out the charged fraud scheme at Walmart stores in more than a dozen states throughout the country. The charges against him carry a significant potential prison sentence—up to 20 years—and are supported by powerful evidence, including surveillance video

2

and still images that captured the fraudulent transactions he conducted to defraud Walmart of more than $100,000.

Rostas's fraudulent conduct has led to his arrest in numerous jurisdictions, including in St. Louis in July 2023. Specifically, on the same day that Rostas carried out his fraud scheme in the Eastern District of Missouri, he was arrested at the River City Casino while in possession of multiple counterfeit identification documents, including a counterfeit Kansas driver's license bearing the alias "Nicholas Sanchez," which he claimed was his name when first confronted by law enforcement. Rostas similarly provided aliases to Walmart employees on numerous occasions when he was caught trying to carry out his fraud scheme.

Rostas has no known ties to any community. Indeed, as his frequent travel from state to state while carrying out his fraud scheme suggests, he does not stay in any single location for an extended period of time, and, to the Government's knowledge, he does not have a permanent address in the United States.

## CONCLUSION

For all of the foregoing reasons, Rostas is a serious flight risk, and there is no condition or combination of conditions that will reasonably assure his future appearance. Accordingly, he should be ordered detained pending trial.

    Respectfully submitted,

    SAYLER A. FLEMING
    UNITED STATES ATTORNEY

    */s/ Justin M. Ladendorf*
    JUSTIN M. LADENDORF, #68558MO
    ASSISTANT UNITED STATES ATTORNEY
    Thomas F. Eagleton Courthouse
    111 South Tenth Street, 20th Floor
    St. Louis, Missouri 63102
    (314) 539-2200

3